IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ANTONIO A. HUGHES, | § | |
| | § | No. 89, 2021 |
| Plaintiff Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | C.A. No. K21C-02-018 |
| PUBLIC DEFENDERS OFFICE | § | |
| (KENT), JOHN DOE, KATHLEEN | § | |
| AMALFITANO, and SUZANNE | § | |
| MACPHERSON-JOHNSON, | § | |
| | § | |
| Defendants Below, Appellees. | § | |

Submitted: September 24, 2021
Decided: October 21, 2021

Before **VAUGHN**, **TRAYNOR**, and **MONTGOMERY-REEVES**, Justices.

# O R D E R

After consideration of the briefs and the record on appeal, it appears to the Court that:

(1)     The appellant, Antonio A. Hughes, appeals from a Superior Court order that granted Hughes's application to proceed *in forma pauperis* and dismissed his legal malpractice claim against his public defenders as factually frivolous, legally frivolous, and malicious.  For the reasons discussed below, we affirm the Superior Court's judgment.

(2)     On June 6, 2019, Hughes was charged with murder in connection with his son's death in April 2017.  Kathleen Amalfitano and Suzanne Macpherson-

Johnson, attorneys at the Office of Defense Services ("ODS"), represented Hughes in connection with the charges. Amalfitano represented Hughes until early 2020, when she became a judge on the Delaware Court of Common Pleas. Macpherson-Johnson replaced Amalfitano as Hughes's counsel.

(3) On October 28, 2020, Hughes filed a motion to disqualify counsel from ODS in his criminal case. After a hearing on that motion and others, the Superior Court denied Hughes's disqualification motion. The court advised Hughes that he could retain private counsel or represent himself. Hughes declined those options and chose to continue with Macpherson-Johnson's representation. Macpherson-Johnson represented Hughes at trial, and on July 20, 2021, a Superior Court jury acquitted Hughes.

(4) Several months before the trial, on February 22, 2021, Hughes filed a malpractice action in the Superior Court against ODS, Amalfitano, Macpherson-Johnson, and an ODS supervisor identified as "John Doe." The complaint alleged that Amalfitano had a conflict of interest because she was focused on pursuing a different job opportunity—specifically, becoming a judge. It alleged that both counsel failed to communicate sufficiently with him; delayed his case; did not provide him with all the discovery in the case; and failed to file his desired pre-trial motions or to obtain dismissal of the charges on the basis of delay. Hughes sought (i) a declaratory judgment that the defendants' conduct was violating his

2

constitutional rights, including the right to effective assistance of counsel and (ii) an injunction ordering the defendants to stop representing him. In an order dated February 24, 2021, the Superior Court granted Hughes's request to proceed *in forma pauperis* and dismissed the action under 10 *Del. C.* § 8803(b). Hughes has appealed to this Court.

(5)     Under Section 8803(b), if the Superior Court grants an application to proceed *in forma pauperis*, the court must review the plaintiff's complaint and shall dismiss the complaint if the court finds that the action is factually frivolous, legally frivolous, or malicious.[1] We review the Superior Court's dismissal of a complaint under 10 *Del. C.* § 8803(b) for abuse of discretion.[2]

(6)     After careful consideration, we conclude that the Superior Court did not abuse its discretion. The Superior Court appropriately determined that Hughes's complaint constituted an impermissible attempt to relitigate the motion to disqualify; was premature while his criminal case was still pending because he could not

---

[1] 10 *Del. C.* § 8803(b). *See also Ashley v. Stiller*, 2012 WL 5818322, at *1 (Del. Nov. 15, 2012) ("If the complaint is found to be factually frivolous, malicious or legally frivolous such that even a *pro se* litigant should have found well-settled law disposing of the issues raised, the complaint shall be dismissed.").

[2] *Ashley*, 2012 WL 5818322, at *2; *Biggins v. Goldstein*, 2011 WL 153753, at *1 (Del. Jan. 12, 2011).

establish damages;[3] and failed to overcome the qualified immunity from legal malpractice claims that the State Tort Claims Act afforded to the defendants.[4]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[3] *See Proctor v. Sullivan*, 2001 WL 1287031, at *1 (Del. Oct. 18, 2001) (affirming dismissal under Section 8803(b) of legal malpractice complaint against public defender and stating that "[b]ecause Proctor's criminal case was still pending, there was no basis for a claim of damages, an essential element of a legal malpractice case").

[4] *See* 10 *Del. C.* § 4001 (providing immunity for acts or omissions arising out of and in connection with official duties when done in good faith and without gross or wanton negligence); *Proctor*, 2001 WL 1287031, at *1 ("[A] public defender is entitled to qualified immunity and Proctor failed to allege facts showing that the public defender's actions either constituted gross negligence or were motivated by bad faith."). *See also Ashley*, 2012 WL 5818322, at *1 ("[A]n attorney appointed by the Superior Court in [criminal] matters has qualified immunity from legal malpractice claims under the State Tort Claims Act. As such, in order to state a claim against such an attorney, the defendant must plead facts supporting gross negligence." (citations omitted)). *Cf. also Bartley v. Soll*, 2002 WL 1472286 (Del. July 1, 2002) (affirming dismissal under Section 8803(b) of complaint asserting legal malpractice and including request for declaration that the attorney had violated the claimant's rights).